**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4537**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEVEN CARLIE CARTER,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-04-446)

_____

Submitted: October 20, 2005          Decided: October 26, 2005

_____

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, III, Federal Public Defender, William C. Ingram, Jr., First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Steven Carlie Carter appeals from his 180-month sentence entered following his guilty plea to being a felon in possession of a firearm. Carter contends that his designation as an armed career criminal is precluded by the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005).

Carter's claim is foreclosed by circuit precedent. See United States v. Thompson, 421 F.3d 278, 286 (4th Cir. 2005) (holding that prior convictions could not be severed from their essential components, including integral facts such as the statutory violation and date of offense, and that these facts were inherent to convictions not extraneous to them); United States v. Cheek, 415 F.3d 349, 350 (4th Cir. 2005) (holding that defendant's Sixth Amendment right to trial by a jury was not violated by district court's reliance on his prior convictions for purposes of sentencing under the Armed Career Criminal Act). Moreover, Carter did not challenge any factual findings regarding the prior convictions, and he does not dispute the factual basis for the district court's conclusions that he was an armed career criminal. Accordingly, Carter's assertion that his sentence violated the Sixth Amendment is without merit. See United States v. Collins, 412 F.3d 515, 523 (4th Cir. 2005) (holding that, where defendant did not dispute any of the facts supporting the career offender

status in district court, there is no constitutional violation in relying on defendant's prior convictions).

Accordingly, we affirm Carter's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>